## MAXIMILIAN PHILIPSBORN et al.

### *vs.*

## HUTZLER BROTHERS COMPANY OF BALTIMORE, A CORPORATION.

*Landlord and tenant: leases; provisions of——. Taxes: on increased assessment; agreement as to——*

Where there is no provision as to taxes, the lessee is under no obligation to the lessor to assume any part of the taxes levied on the property. ・ p. 340

An agreement of lease provided that the tenancy should begin upon the completion of a new building to be constructed by the landlord upon the lot demised; the provision as to taxes was, "If after the new building has been assessed for taxes, the assessed value of the land and premises is increased for taxes, * * * * during the term of said lease, the tenant shall and will thereafter, * * * pay the taxes on the amount of such increase."

*Held,* that, under such provisions the assessment of the new building was not to be considered as being included in fixing the lessee's liability for taxes. p. 341

Under such an agreement it was to be assumed that the new building was to be assessed at a larger valuation than that of the old building, and that apart from such assessment an increased valuation of the land and premises might be made; it was upon the happening of this contingency during the tenancy that the tenant was made liable for taxes on the increased assessment against the demised property. pp. 341-342

*Decided April 6th, 1916.*

Appeal from the Superior Court of Baltimore City. (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Chas. McHenry Howard,* for the appellants.

*Vernon Cook* (with whom were *B. Howard Haman, W. Calvin Chesnut* and *Charles Markell* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The appellees are the owners of a lot of ground in Baltimore improved with a store building of which the appellants are lessees. The agreement of lease under which the appellants occupy the property provided that the tenancy should begin upon the completion of a new building to be constructed by the lessor upon the lot, in accordance with certain specifications, and should continue for the term of fourteen years and nine months. It was agreed that the rent to be paid should be $9,000 annually for the first ten years of the term, if the cost of the building should not exceed $30,000, otherwise the annual rent should be increased to the extent of ten per cent. of the excess cost of construction. For the remaining four years and nine months of the term it was stipulated that rent should be paid at the rate of $2,000 a year more than was payable during the preceding period. There was a provision in reference to the payment of taxes, as follows:

"If, after the new building has been assessed for taxes, the assessed value of the land and premises is increased by the Appeal Tax Court of Baltimore City during the term of the said lease, the parties of the second part shall and will thereafter so long as they remain as tenants of said premises, pay the taxes on the amount of such increase."

The building was completed, and the tenancy commenced, on April 5, 1914. The pre-existing assessment of the property for the purposes of taxation amounted to $46,200 for the land and $5,000 for the improvements. Shortly after the completion of the building, whose total cost was $86,600, the property was re-assessed by the Appeal Tax Court of Baltimore City at a valuation of $60,000 for the improvements and $69,913 for the land. The assessment of the land was thus increased $23,713, and of the improvements $55,000, the increase as a whole being $78,713. As a result of this re-assessment the taxes levied on the property for the year 1915 were $1,739.17 in excess of the sum which would have been chargeable on the basis of the previous valuation. The appellee, as owner, paid the taxes in full, but asserts that the appellants, as lessees, are liable for the taxes to the extent of the increase just noted, and the pending suit was brought to enforce that claim. A demurrer to the declaration having been overruled, pleas were filed by the defendant lessees, in the first of which it is averred that the increase of assessment, on account of which the taxes sued for were levied, was not made after the new building was assessed for taxes, as contemplated by the lease; and in a second and a third plea the same theory is separately advanced in regard to the increases in the assessments of the building and land respectively. The pleas were held insufficient on demurrer, and the defendants declining to plead over, judgment was entered in favor of the plaintiff for $1,817.43, being the amount of taxes claimed, with interest.

The decision of the case depends entirely upon the construction of the covenant we have quoted from the lease, requiring the lessees, under the conditions and to the extent described, to pay the taxes levied on account of an increase of assessment.

According to the lessor's interpretation of the provision, it means that if, when the new building has been assessed for taxes, it appears that the assessment of the land and premises has been increased, the lessees shall pay the taxes on the

added valuation. The theory of the suit, therefore, is that the lessees assumed liability for the taxes in so far as they might become larger in amount as a result of the *initial* assessment of the building by the Appeal Tax Court. We have been unable to conclude that such an intention is disclosed by the terms of the agreement, which distinctly provides that if, *after* the new building has been assessed for taxes, the assessed value of the land and premises is increased *during the term,* the lessees shall thereafter pay the taxes on the amount of *such increase.* This indicates clearly, as it seems to us, that the assessment of the new building was not to be considered as being included in the basis of the lessees' liability for taxes under the agreement. There could have been no doubt in the minds of the parties that the property would be re-assessed after the old building had been replaced by one of much greater cost, and it was certain also that the valuation of the improvements for the purposes of taxation would be largely augmented. If, therefore, it had been intended to provide that the lessees should pay the additional taxes resulting from the inevitable increase in the assessment of the building, there was no possible reason why the expression of such a purpose should have involved any terms of hypothesis or contingency. As the parties were contemplating an increase of assessment which was sure to occur, it may be assumed that they would have stated definitely and unconditionally that the lessees were to pay the taxes on the assessment to the extent of the increase, if this had been the real design. In providing that *if, after* the assessment of the *new building,* the assessed value of the *land and premises* is increased *during the term of the lease,* the agreement plainly excludes the original assessment of the new building as a measure of the tax charge to be imposed upon the lessees.

If there were no stipulation on the subject, the lessees would be under no obligation to the lessor to assume any part of the taxes levied on the property; *P., W. & B. R. Co.* v. *Appeal Tax Court,* 50 Md. 411; Code, Art. 81, sec. 71. The terms of the lease afford and prescribe the only basis

upon which such a contribution can be demanded. The amount of the rent to be paid was estimated with express reference to the cost of the building, and it is to be presumed, especially in view of the phraseology of the clause we are construing, that the certain increase in the taxes on the improvements was also taken into consideration when the question as to a proper rental was being determined. It was naturally anticipated that the assessment of the property might be raised in amount subsequently to the primary valuation of the building by the Appeal Tax Court, and provision was accordingly made for that contingency, but the language employed in the agreement convinces us that the parties intended to exclude the initial assessment of the building from the basis of taxation to which the liability of the lessees in respect to the payment of taxes should be referred. In our judgment, therefore, the suit is not maintainable for the purpose of securing reimbursement from the lessees as to the taxes, amounting to $1215.23, paid by the lessor on account of the increase in the assessment of the improvements.

The question as to whether the defendants are liable for the taxes, amounting to $523.94, levied on account of the enhanced assessment of the *land* requires a further construction of the clause in controversy. While it is apparent that an increase in the assessment of the improvements was expected, it is equally evident that a contemporaneous re-assessment of the land at a higher value than before was not contemplated. The theory of the provision was that the new building would unquestionably be assessed for taxes and at a larger valuation than was placed upon the old structure which it succeeded, and that apart from this assured assessment of the building, an increase in the assessed value of the *land and premises* might be subsequently made during the term of the tenancy. It was agreed that if such a contingency should arise during the existence of the lease, it should be the duty of the lessees to pay the additional taxes thus made chargeable against the property demised. The increase made in the assessment of the land, on the occasion when the building

was assessed, represented actual value which the land possessed at the period when the lessees began their occupancy. It is not reasonable to suppose that a revision of the assessed value of the lot as of that period, in connection with the assessment of the new building, was within the purview of a provision relating to a possible increase, *after* that event, in the taxable value of the *land and premises.*

As we interpret the language employed by the parties, they agreed that the lessees should pay taxes upon any enhancement of value which might be assessed to the leased property, during the term, after the assessment occasioned by the erection of the new and costly building for which the lease provided. The taxes on account of which this suit was brought did not originate under the conditions specified in the agreement, and we find no ground, therefore, upon which to hold that the plaintiff is entitled to recover. In consequence of this view our conclusion is that the demurrer to the declaration should have been sustained. The case will not be remanded for a new trial as the objection raised by the demurrer could not be overcome by amendment.

> *Judgment reversed, with costs, and without the award of a new trial.*